28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fernando PETTIS, Plaintiff-Appellant,
v.
SUNDSTRAND CORPORATION; Sundstrand Turbomach, Inc.; Does I
Through XX, Inclusive, Defendants-Appellees.
 No. 93-55086.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1994.*
Decided June 27, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Pettis challenges the district court's grant of summary judgment in favor of Sundstrand, claiming that he presented genuine issues of material fact with regard to his claim for breach of his employment contract and termination of his employment in violation of public policy.
 
 
 4
 A. In support of his good cause claim, Pettis points to an internal Sundstrand Division Policy. To be sure, California employment law recognizes that an employee's allegation that an employer has breached its own termination policies and procedures "may be sufficient to state a cause of action for breach of an employment contract." Foley v. Interactive Data Corp., 47 Cal.3d 654, 681 (1988). However, Pettis has failed to allege or produce any evidence that he knew about the Sundstrand Division Policy before he was fired, nor did he show that he relied in any way upon the policy.
 
 
 5
 Mutuality of consent is essential to the formation of a contract. See Cal.Civ.Code Sec. 1580 (West 1982). Pettis' lack of knowledge of or reliance on the policy during his employment belies the existence of such consent. See Modafferi v. General Instrument Corp., 1991 WL 527677, * 6 (S.D.Cal.1991) (citing Menard v. First Sec. Serv. Corp., 848 F.2d 281, 290 (1st Cir.1988)) ("Where the employee enters into the employment relationship without knowledge of the policies in an employment handbook, the policies cannot be deemed part of the employment contract."); cf. Foley, 47 Cal.3d at 681-82 ("[T]he trier of fact can infer an agreement to limit the grounds for termination based on the employee's reasonable reliance on the company's personnel manual or policies.").[1] Thus, the district court correctly granted summary judgment on the alleged breach of express employment contract.
 
 
 6
 B. Pettis next contends that sufficient evidence was presented below to raise a triable issue of fact that he was fired in violation of public policy for complaining about the company's handling of asbestos. See Gantt v. Sentry Insurance, 1 Cal.4th 1083 (1992). Pettis' evidence was that he was fired two months after making his most recent complaint and that there were six threatening comments made to him by people who had no authority over firing decisions--two following his most recent complaint and four when he lodged complaints over two years earlier.
 
 
 7
 This was sufficient to state a prima facie case but Sundstrand rebutted it with considerable proof that Pettis was discharged for legitimate reasons. See Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 329 (1981). Pettis' complaint about the asbestos gaskets in July, 1988, occurred after he had been warned about the SARA report and assigned a "to-do" list; he was discharged after leaving for vacation in August without completing required tasks. Pettis offered no additional evidence that these reasons were pretextual, see id., and on the basis of the evidence presented, no reasonable jury could find that Pettis was discharged in violation of public policy.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pettis also refers to standards of employee conduct in Solar's employee manual that have no relevance to the alleged express contract with Sundstrand. In any case, Sundstrand appears to have complied with Solar's procedures